JOHN H. BROWNING & others *vs.* JEFFERSON BANCROFT.

A sheriff is not so " interested " in an action of replevin brought against his deputy for property attached by him, as to authorize a coroner, under the Rev. Sts. *c.* 14, § 97, to serve the writ of replevin on the deputy.

By *St.* 1840, *c.* 87, the judgment of the court of common pleas upon a plea in abatement is not the subject of appeal, writ of error, or bill of exceptions, but is final in that court.

REPLEVIN. The defendant pleaded in abatement of the writ, that the same was not legally served, inasmuch as it was directed to the sheriff of the county, or his deputies, and was served by Joseph Butterfield, a deputy of said sheriff; whereas it should have been directed to and served by a coroner ; because the damages demanded in said writ exceed $ 70, (so that it could not be served by a constable,) and because, at the time of the taking, by the defendant, of the goods mentioned in said writ, he was a deputy of said sheriff, and, as such deputy, and by virtue of certain writs of attachment, and in no other manner or capacity, he took and detained said goods ; whereby the said sheriff was interested in this case, &c. Demurrer and joinder.

*Hopkinson*, in support of the demurrer.

*B. F. Butler*, for the defendant.

SHAW, C. J. The Rev. Sts. *c.* 14, § 97, have altered the law in respect to the power and duty of coroners to serve writs. By *St.* 1783, *c.* 43, § 1, they were to serve all writs where the sheriff or either of his deputies was a party. By the

revised statutes, they are to " serve and execute all writs and precepts, and perform all other duties of the sheriff, when the sheriff shall be a party or interested in the case." A remote or contingent interest of the sheriff, which may arise and grow out of, the suit afterwards, is not such an interest as authorizes a coroner to serve the writ. It must be, that the judgment in the suit will bind or conclude some valuable right or pecuniary interest of the sheriff. The sheriff has no such interest in an action of replevin by a third person against one of his deputies. The defendant has only to do his duty — and the presumption is, that he will do it — and he will incur no responsibility, either to the plaintiff in replevin or the attaching creditor, for which the sheriff will stand responsible. It is clear that the legislature could not have understood that the mere fact of his deputy being a party would render the sheriff interested ; because, in that case, they would, obviously, have retained the old provision, and given the authority to a coroner in all cases where the sheriff or his deputy is a party. *Commonwealth* v. *Moore*, 19 Pick. 339. *Kittridge* v. *Bancroft*, 1 Met. 514. There must, therefore, be some other interest set out in the plea, in order to abate the writ because it was served by a deputy of the sheriff. In this case, no such interest is shown, and the demurrer to the plea, in our opinion, is good.

On the argument, it did not appear how this case came before the court, and the *St.* of 1840, *c.* 87, was not adverted to. It now appears that it came by appeal from the judgment of the court of common pleas. But it is very clear that by that statute, §§ 4 and 5, the judgment of the court of common pleas, on a plea in abatement, is final, and cannot be brought before this court, either by appeal, error, or bill of exceptions.

*Appeal dismissed ; the court having no jurisdiction.*